# LEE LITIGATION GROUP, PLLC
148 WEST 24TH STREET, EIGHTH FLOOR
NEW YORK, NY 10011
TEL: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM

WRITER'S DIRECT:  (212) 465-1188
cklee@leelitigation.com

> The request for pre-certification class discovery is GRANTED.  SO ORDERED.
>
> *Jennifer E. Willis*
>
> Jennifer E. Willis
> United States Magistrate Judge
> August 17, 2023

**Via ECF**
The Honorable Jennifer E Willis, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *De La Cruz v. Motiwala et al*
             Case No.: 1:22-cv-10403-AT

Dear Judge Willis:

    We are counsel to Plaintiff. We write to inform the Court about a discovery dispute and request an informal conference to be scheduled under Local Civil Rule 37.2 and Your Honor's Individual Rules. The Parties have met and conferred regarding their disputes, and the below disputes have been identified as requiring judicial intervention.

1. **IDENTIFICATION OF WITNESSES:**

    Plaintiff requests contact information, i.e., name, address, email, and mobile number of all prospective class members. This is particularly appropriate in this matter.  In this matter, there is a <u>*5-year*</u> discrepancy between Plaintiff's stated period of employment and Defendant's claim for Plaintiff's employment.  Plaintiff states that he worked for Defendants from 2017 to the present. Defendants state that his employment only began in June 2022.

    While Plaintiff paid many employees, like Plaintiff, in cash, Plaintiff presents his punch records for the period between January 1, 2019, and December 19, 2020, to demonstrate his employment prior to June 2022. *See* **Exhibit A**. As the Court may note, the punch records from January 1, 2019, and December 19, 2020, are substantially similar to those punch records produced by Defendants representing Plaintiff's more recent employment. *See* **Exhibit B**.

    Additionally, Plaintiff provides to the Court a document produced by Defendants in an attempt to create the impression that Plaintiff's employment began in June 2022.  This document is clearly forged.  It claims to be dated June 2022, but is on a NYS DOL sample wage notice, which was created by the NYS DOL in September 2022, 3 months after Plaintiff supposedly signed it. *See* **Exhibit C.**

    Testimony from co-workers, particularly former co-workers, who will not fall pressure to the strong arm and underhanded tactics Defendants have used against Plaintiff is necessary to determine Plaintiff's exact period of employment.  Moreover, Defendants' Initial Disclosures states those employees who worked from 2017 to 2022 are witnesses but has refused to identify them despite requests.

    As seen by the below case law, even in cases without the special circumstances identified above, the production of employee information has been deemed to be proper in many cases in this circuit. "[T]here is an abundance of case law from the Southern District of New York, over the last nine years, which has 'routinely allow[ed] plaintiffs to discover identifying information

regarding potential class members . . . .'" *Strauch v. Comput. Scis. Corp.*, No. 3:14 Civ. 956, 2015 U.S. Dist. LEXIS 516, at *10 (D. Conn. Jan. 6, 2015) (collecting cases). In *Fei v. WestLB AG*, the court granted the plaintiff's motion to compel with respect to the names, positions, job titles, dates of employment, social security numbers, addresses, and telephone numbers of employees, holding: "[C]onditional certification is not a prerequisite to the turnover of information concerning the identity of potential class members . . . ." (collecting cases). "Indeed, the information that [plaintiff] seeks obviously will be of considerable help to [plaintiff] in his efforts to define the class . . . ." 2008 U.S. Dist. LEXIS 33310, at *5-6 (S.D.N.Y. Apr. 23, 2008).

"[E]ven where a plaintiff's motion to certify an FLSA collective action fails to assert facts sufficient to meet the § 216(b) threshold, courts in this district have often ordered the disclosure of contact information for potential opt-in plaintiffs so that discovery into the collective allegations could continue and plaintiffs could renew their motion for certification at a later date." *Kwan v. Sahara Dreams Co. II*, 2020 U.S. Dist. LEXIS 79899, *20-21 (S.D.N.Y. 2020).

In accordance with the above, the Court must order the production of employee information, as these individuals are all necessary witnesses to Defendants' violations.

**2. CLASS DOCUMENT DISCOVERY:**

    a. *Defendants' Documents Provide Strong Evidence of a Violation*

As an initial matter, class documentary discovery is particularly important in this case as Defendants' documents already demonstrate a wage violation. As may be seen in the documents Defendants themselves produced, Plaintiff frequently works 10 hours or more during the day, but is never paid spread of hours premium. This is a clear violation of 12 N.Y.C.R.R. § 142-2.4. Two examples of this violation may be seen in Plaintiff's records for the week of August 22, 2022. *See* **Exhibit B** at p. 23-24. Plaintiff is stated to have worked over 10 hours for two days, but received no spread of hours premiums for those days worked. *See* id.

With respect to at least this on-the-records violation, the claim will be provable using class paystubs and punch-records.

    b. *Class Paystubs and Punch Records*

With respect to paystubs and punch records, Plaintiff proposes a sampling of 25% of putative class members. Plaintiff proposes that Defendants provide in excel format, a list of employees identifiable by employee ID or name, which will include each employee's job-title, state of employment, and length of employment. From this list, Plaintiff will select the 25% sampling to ensure full coverage by way of year of employment, location of employment, and position. Pay stubs are required to determine the compensation paid to employees, and the corresponding punch cards to prove the number of hours accounted for employees by Defendant. Between these two records alone, Plaintiff will be able to prove or disprove class claims of rounding.

Pursuant to 29 C.F.R. § 516.7, paystubs and time records are the type of documents that must be maintained and produced to a U.S.D.O.L. Administrator within 72 hours following a request. The rules themselves recognize the importance of these records and the ease with which they may be produced.

### c. Legal Standard

Per Plaintiff's meet and confer with Defendants, Defendants' position is that they will not be providing class discovery pre-certification.

Plaintiff notes that Courts in the Second Circuit have repeatedly held that plaintiffs are entitled to pre-certification discovery of documents regarding potential class members. *See Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 492 (S.D.N.Y. May 19, 2016) ("[P]roduction of wage-and-hour documents, tip records . . . [for all non-exempt employees in the six years prior to the complaint] would likely support findings of commonality, typicality, numerosity, that the class is identifiable and ascertainable, and that common questions predominate over any individual issues as required by Rule 23."). In *Salazar v. Spectrum of Creations, Inc.*, No. 16 Civ. 653, Dkt. No. 52 (VSB) (S.D.N.Y. Sept. 9, 2016), the court held:

> "Whatever the merits of their claim, Plaintiffs have repeatedly stated throughout this action that they intend to seek Rule 23 class certification, and the Second Circuit has noted both that '[i]n deciding a motion for class certification under Rule 23, the district judge must receive enough evidence . . . that each Rule 23 requirement has been met." *See also Rahman v. Smith & Wollensky Rest. Grp., Inc.*, 2007 U.S. Dist. LEXIS 37642, at *9 (S.D.N.Y. 2007) ("Pre-certification discovery is often necessary in order to provide the court with sufficient information to determine whether certification is appropriate."); *Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 571 (2d Cir. 1982) ("[T]here can be no doubt that it is proper for a district court, prior to certification of a class, to allow discovery and to conduct hearings to determine whether the prerequisites of Rule 23 are satisfied."); *Calabrese v. CSC Holdings, Inc.*, No. 2007 U.S. Dist. LEXIS 16059, at *20 (E.D.N.Y. 2007).

Moreover, the Hon. Sanket J. Bulsara, U.S.M.J. stated in the face of the same objection that Defendants here bring:

> "[T]here are assertions in those papers that border on legally frivolous … There are arguments that are frankly flatly inconsistent with the Federal Rules of Civil Procedure and, frankly, make little sense to me. I'll give you an example: The letter says, for instance, that the plaintiffs are not entitled to any class discovery unless a motion for class certification is filed. That's simply not the law. It's a gross mischaracterization of the law. It's also a gross mischaracterization of what discovery means. ... those are highly problematic assertions that are not supportable by any reasonable interpretation of the case law."

*Lobato v. Great Kills Marina Cafe Inc. et al.*, No. 18 Civ. 5579, Dkt. No. 27 (E.D.N.Y. July 16, 2019)

Like Judge Bulsara, the Court in *Santiago v. Rika, Inc.* found the position that class discovery would not be produced prior to certification to be an unpersuasive argument, stating "[d]efendants' position – refusing to produce discovery about putative collective action members, then opposing certification because [p]laintiff lacks that discovery – *manufactures a Catch-22.*" *See Santiago v. Rivka, Inc.*, No. 15 Civ. 9184, Dkt No. 51 (S.D.N.Y. May 26, 2016).

In accordance with the strong showing of the discoveries' relevance, and Plaintiff's attempt to ease any potential burden by accepting a sampling, the requested class sampling must be compelled.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

We thank the Court for its consideration of the above.

Respectfully submitted,

*/s/ C.K. Lee*
C.K. Lee, Esq.