UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RAFAEL DE LA CRUZ, *on behalf of himself,*
*FLSA Collective Plaintiffs and the Class*,

                             Plaintiff,

                     -against-

BROADWAY FOOD MART INC., d/b/a
DOLLAR JUNCTION, SUTTER DOLLAR
DISCOUNT INC. d/b/a SUTTER DOLLAR
DISCOUNT, JOHN DOE CORPORATIONS
1-100, *and* BAHIT H. MOTIWALA,

                             Defendants.
------------------------------------------------------------------X

**ORDER**

**22-cv-10403 (AT) (JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

      The Court is in receipt of Defendant's letter motion at Dkt. No. 65 requesting that the Court deem Plaintiff's deposition of Defendants waived or concluded. Plaintiff opposes the request citing technical issues at the deposition of Defendant Basit Motiwala and requesting sanctions alleging Defendants unilaterally terminated the deposition Djibirrou Sall. Dkt. No. 66.

      The Court is also in receipt of Defendants' letter motion seeking to compel Plaintiff Rafael De La Cruz to sit for deposition. Dkt. No. 67. Plaintiff opposes the request and instead ask for a conference to address (i) Plaintiff's request for sanctions regarding outstanding discovery, (ii) Plaintiff's request for sanctions regarding the cancellation of the deposition of Djibirrou Sall, and (iii) "Defendants' request to compel Plaintiff's deposition while refusing to engage in good faith discovery." Dkt. No. 68.

On balance, the Court is disappointed by the efforts of both counsels to meet and confer in good faith to resolve deposition scheduling issues. Defendants' request to deem the depositions waived or concluded at Dkt. No. 65 is DENIED. Plaintiffs' request for leave to seek sanctions for the deposition of Djibirrou Sall is DENIED. Defendants' request to compel Plaintiff to sit for deposition is GRANTED in part. The Court expects that the depositions of Plaintiff, Defendant Basit Motiwala, and Djibirrou Sall will be rescheduled and completed. The Court suggests in-person depositions to avoid further technical issues. The Parties are directed to meet and confer regarding the scheduling of these depositions and file letters with the Court by **January 8, 2024**. If the Parties are unable to agree on dates for depositions by that date, the Court will order dates for each deposition at random without regard to the schedules of counsel or the deponents. Failure to comply with the Court-ordered deposition dates could result in either sanctions or a contempt order by this Court.

The requests for conference are denied. To the extent there are any live discovery disputes, the Parties should file letters with the Court addressing the heart of the dispute rather than rehashing the history of this action (of which this Court is well aware).

Plaintiffs' request to seek sanctions for discovery violations is GRANTED. Plaintiff shall file any motion for sanctions following the close of discovery by **April 1, 2024**.

**The Clerk of the Court is respectfully requested to close the motions at Dkt. Nos. 65 and 67.**

SO ORDERED.

DATED:    New York, New York
         January 2, 2024

_____
JENNIFER E. WILLIS
United States Magistrate Judge