**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
RAFAEL DE LA CRUZ, *on behalf of himself,*
*FLSA Collective Plaintiffs and the Class*,

                          Plaintiff,                      **ORDER**

             -against-                    22-cv-10403 (AT) (JW)

BROADWAY FOOD MART INC., d/b/a
DOLLAR JUNCTION, SUTTER DOLLAR
DISCOUNT INC. d/b/a SUTTER DOLLAR
DISCOUNT, JOHN DOE CORPORATIONS
1-100, *and* BAHIT H. MOTIWALA,

                         Defendants.
------------------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge:**

      This Court is in receipt of Plaintiff's letter seeking (i) an eight month extension of fact discovery from April 1, 2024[1] to December 1, 2024, (ii) a briefing schedule on Plaintiff's anticipated motion for conditional collective certification, and (iii) to compel production of discovery from Defendants or alternatively an imposition of sanctions. Dkt. No. 79. Defendants oppose Plaintiff's request. Dkt. No. 80. Defendants also seek a discovery extension and request Plaintiff be sanctioned for conduct during depositions. Dkt. No. 86. Plaintiff opposes Defendants' request for sanctions. Dkt. No. 88.

---

[1] This Court notes that the case management plan set a fact discovery deadline of March 31, 2024. Dkt. No. 35. In a subsequent order, this Court noted that Plaintiff could seek sanctions against Defendants following the close of discovery by April 1, 2024. Dkt. No. 69.

A. **Defendants Request for a Limited Discovery Extension and Sanctions**

Upon review, Defendants' request for sanctions is DENIED. This Court will grant a limited discovery extension as discussed infra Part C. Plaintiff's counsel agreed to produce Plaintiff for a subsequent deposition, and this Court expects that such deposition will occur during the discovery period prescribed by this Court. If the Parties are unable to agree on a date for deposition, this Court will order a date for the deposition without regard to the schedule of counsel or the deponent.

B. **Plaintiff's Request to Compel Discovery**

Plaintiff asks to compel Defendants' tax records, including those of individual Defendant Motiwala, and asks that Defendants provide a complete class list for all four of their disclosed businesses. Dkt. No. 79. Defendants respond by arguing that Plaintiff has not satisfied the prerequisite requirements to compel the production of tax returns, and Defendants were prepared to produce class lists for three of four businesses, but objected to providing information regarding the fourth business which "closed over four years ago and Plaintiff never worked there." Dkt. No. 80.

As Defendants cite, "[b]efore ordering the production of tax returns in civil litigation, the court must be satisfied that (1) the returns are relevant to the subject matter of the action; and (2) there is a compelling need for the returns because the information contained therein is not available from other sources." Patrick Carter Assocs., Inc. v. Rent Stabilization Ass'n of N.Y.C., Inc., No. 89 CIV. 7716 (WCC), 1992 WL 167387, at *2 (S.D.N.Y. June 26, 1992).

Here, Plaintiff seeks to compel tax returns citing that Defendants "have already been caught both forging a document and hiding the extent of their business operations." Dkt. No. 79. Defendants argue that Plaintiff has not met their burden of establishing relevance nor that there is a compelling need for the returns. Dkt. No. 80. This Court is not satisfied that Plaintiff has established relevance nor a need for Defendants' tax returns. While Plaintiff complains of Defendants' alleged bad behavior, that is the subject of Plaintiff's motion for sanctions, which this Court will decide in due course. Therefore, Plaintiff's request to compel tax returns is DENIED.

With respect to the class list, Plaintiff argues that 25% of the class list is outstanding because Defendants have not produced documents related to the fourth business. Dkt. No. 87. Defendants object to production arguing that the business closed over four years ago, and Plaintiff never worked there. Dkt. No. 80.

"A district court has wide latitude to determine the scope of discovery." In re Agent Orange Prod. Liab. Litig., 517 F.3d 76, 103 (2d Cir. 2008). "The burden of demonstrating relevance is on the party seeking discovery. . . Once relevance has been shown, it is up to the responding party to justify curtailing discovery." Trilegiant Corp. v. Sitel Corp., 275 F.R.D. 428, 431 (S.D.N.Y.2011) (citation omitted); see also Fed. R. Civ. P. 26(b)(5)(A).

On August 17, 2023, this Court granted Plaintiff's request for pre-certification class discovery. Dkt. No. 39. While Defendants claim that the fourth business closed over four years ago, there is a factual dispute about whether Plaintiff began working for Defendants in 2017 or 2022. Id. Given the broad scope of relevance in discovery,

3

this Court is satisfied that the fourth business class list could be relevant. Therefore, Plaintiff's request to compel documents related to the fourth business is GRANTED. Defendants are directed to produce such list by **April 18, 2024** or provide a sworn affidavit explaining why such list could not be produced by the court-ordered deadline. Failure to comply with this Court's order could result in sanctions pursuant to Fed. R. Civ. P. 37.

### C. Plaintiff's Request to Extend Discovery

Plaintiff seeks an eight-month discovery extension citing dilatory discovery tactics by Defendants. Dkt. No. 79. Defendants oppose the lengthy extension. Dkt. No. 80. Pursuant to Fed. R. Civ. P. 16(b)(4), a schedule may be modified only for "good cause." Here, this action has been pending since 2022. Dkt. No. 1. Additionally, many of the reasons that Plaintiff posits for extending discovery are the subject of Plaintiff's request for sanctions, which this Court will decide in due course. This Court does not find good cause for an eight month discovery extension. However, given the Court-ordered discovery in this order, and the likelihood of a dispute arising, this Court will extend the **fact discovery deadline to May 3, 2024.** This Court is not likely to grant a further extension absent extraordinarily good cause.

### D. Briefing Schedule on Plaintiff's Anticipated Motion

Plaintiff's proposed conditional collective motion is due by **May 1, 2024**. Defendant's opposition is due by **May 29, 2024**. Any reply from Plaintiff is due by **June 12, 2024**.

Finally, while discovery in this matter has been contentious, this Court notes its disappointment in the behavior of both counsel. This Court's Individual Practices Section II(A) requires parties to confer in good faith in an effort to resolve any disputes. In the future, if this Court is not satisfied that counsel has fulfilled their obligations in that regard, this Court will deny the request at issue.

**The Clerk of the Court is respectfully requested to close the motions at Dkt. Nos. 79 and 86. Dkt. No. 79 is GRANTED in part and Dkt. No. 86 is DENIED.**

SO ORDERED.

DATED:   New York, New York
         April 5, 2024

                                          _____
                                          JENNIFER E. WILLIS
                                          United States Magistrate Judge